Withers, J.,
dissenting. Looking at this case in its legal aspect merely, and in none other, I hesitate to concur with the majority of this Court.
I doubt the propriety of placing the plaintiff in the position of one who has taken a commercial paper.
I think his legal position is that of him, who, admonished that Commander was invested with no more than a limited and special agency, dealt with him on the risque that he did not exceed the actual power and instruction which had been communicated.
I still believe, therefore, that it was right to say to the jury the question was, “ Whether Commander was authorized by Read to fill up the blanks in the bond, and to use the same, when complete, as he had done that is to say, to pledge it as collateral security for a debt already contracted, instead of borrowing money. I would not instruct the jury, nor were they instructed, that Gourdin was to be any how answerable for Commander’s *510 disposition of the money, if he had* borrowed as empowered by Read to do.
Nor do I doubt that ancient strictness has been relaxed — such as was announced by Coke and Sheppard’s Touchstone, in favor of supporting a deed which had been perfected in form, strictly in pursuance of authority by the obligor: and I suppose the many cases to be found in which such deeds have been supported, completed by agents with consent of parties, on parol or otherwise — that is to say, strictly in pursuance of authority given, are the exponents of sound good sense.
Whitner, J., concurred.

Motion granted.